IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| AMANDA HARRILL, individually and as the adoptive parent of M.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 621-033 |
| JENNIFER ROSENBAUM, JOSEPH ROSENBAUM, GEORGIA DEPARTMENT OF HUMAN SERVICES, and SAMANTHA WHITE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff moves for an order compelling Defendants Jennifer and Joseph Rosenbaum "to testify at deposition without asserting their Fifth Amendment privilege in response to questions about or related to the facts of this lawsuit, including injuries to M.P. and Laila Daniel." (Doc. no. 162, p. 1.) Jennifer Rosenbaum opposes the motion to compel, arguing she is within the one-year time limit for filing a federal habeas corpus petition to challenge her conviction; because the chance remains her conviction could be overturned, she retains her Fifth Amendment right against self-incrimination. (See doc. no. 166.) Defendant Joseph Rosenbaum also opposes the motion, arguing he retains his Fifth Amendment right against self-incrimination because he filed a Petition for Certiorari to the Georgia Supreme Court that had not been resolved at the time filed his opposition; he also argues that he retains other privileges under Georgia law, including exclusion

of communications between husband and wife, O.C.G.A. § 24-5-501(a), and the party/witness privilege in O.C.G.A. § 24-5-505(a). (See doc. no. 167.)

The Rosenbaum Defendants were convicted by a jury in Henry County, Georgia, on August 1, 2019, for multiple counts related to their acts and omissions as foster parents that injured M.P. and resulted in the death of Laila Daniel. (Doc. no. 162, p. 2 & Exs. A, B.) The Supreme Court of Georgia affirmed Jennifer Rosenbaum's conviction on direct appeal on October 15, 2024, and she did not file a petition for certiorari with the United States Supreme Court. (Id. & Ex. C.) The Georgia Court of Appeals affirmed Joseph Rosenbaum's conviction, and he applied for a writ of certiorari to the Supreme Court of Georgia. (Id. at 3 & Ex. D.)  The Supreme Court of Georgia denied the application recently on August 12, 2025, after completion of briefing on the instant motion, but a motion for reconsideration was filed on August 18, 2025. See www.gasupreme.us/docket-search; Search By Case Number S25C0343; Select Filings and Orders Tab (last visited Aug. 20, 2025). Under U.S. Sup. Ct. R. 13.1, Joseph Rosenbaum has ninety days from entry of judgment by the Georgia Supreme Court denying certiorari to seek a writ of certiorari from the United States Supreme Court, and because he filed a motion for reconsideration, under Rule 13.3, the ninety-day period runs "from the date of the denial of rehearing, or if rehearing is granted, the subsequent entry of judgment."

"It is true, as a general rule, that where there can be no further incrimination, there is no basis for the assertion of the privilege." Mitchell v. United States, 526 U.S. 314, 326 (1999). Applying this principle, the Supreme Court in Mitchell explained the Fifth Amendment privilege does not apply after "the sentence has been fixed and the judgment of conviction has become final." Id. In Georgia, a judgment of conviction becomes final pursuant to O.C.G.A. § 9-

14-42 (c)(1), at the conclusion of direct review, meaning "when the United States Supreme Court either affirms a conviction on the merits or denies a petition for writ of certiorari, . . . or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken . . . ." Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020). Here, the Fifth Amendment privilege no longer applies to Jennifer Rosenbaum because her conviction is final. The privilege will no longer apply to Jospeh Rosenbaum after the conclusion of his proceedings before the Georgia Supreme Court if he fails to file a timely certiorari petition with the U.S. Supreme Court or the U.S. Supreme Court denies such a petition..

The Rosenbaums argue the Fifth Amendment privilege extends for years to come through their complete exhaustion of all state and federal habeas corpus rights. The argument ignores both (1) the plain language of Mitchell explaining the privilege does not apply after the state judgment of conviction has become final; and (2) the bright-line Georgia rule that convictions become final before the habeas process even begins. See Wilson v. Doss, 856 F. Supp. 2d 1231, 1233 (M.D. Ala. 2012) (finding Fifth Amendment privilege terminates upon entry of final judgment in state criminal case and does not extend to habeas proceedings). The Court finds Wilson far more persuasive and consistent with Mitchell than SEC v. Pence, 323 F.R.D. 179 (S.D.N.Y 2017), wherein the Southern District of New York extended the privilege past entry of final judgment in a federal criminal case by finding the mere pendency of a habeas petition "is sufficient for us to believe that it is not 'remote and speculative' that Bartko's conviction could be overturned." Id. at 189. While the Pence court mentioned the Mitchell rule that the privilege does not extend past final judgment, the court simply ignored it.

Furthermore, were the Court to accept the Rosenbaums' argument, there would be no definitive end to the privilege. Court dockets are replete with inmates filing habeas petitions many

decades after entry of final judgment. Indeed, in <u>DeLeon-Reyes v. Guevara</u>, Nos. 1:18-CV-01028, 1:18-cv-02312, 2020 WL 5800727, at *6–7 (N.D. Ill. Sept. 29, 2020), a civil defendant argued the privilege still applied twenty years after sentencing despite her never filing an appeal or habeas petition because the government could waive or forfeit time limitations under the Illinois post-conviction statute. The <u>Mitchell</u> court foreclosed such arguments by establishing a reasonable and bright-line rule that extends the privilege only through entry of final judgment.

For the reasons explained above, the Court **GRANTS IN PART** Plaintiff's motion. (Doc. no. 162.) Jennifer Rosenbaum may no longer invoke the Fifth Amendment privilege because her conviction is now final, regardless of any forthcoming federal habeas corpus petition. Joseph Rosenbaum, however, may still invoke the Fifth Amendment privilege because his direct review proceedings have not concluded. At his deposition, however, there may be questions relevant to the case that fall outside the privilege, and this Order should not be construed as prohibiting his deposition.

Furthermore, Plaintiff's arguments focus solely on the federal Fifth Amendment privilege and the Georgia Supreme Court has recognized that, under certain circumstances, the state constitution provides broader protection. See <u>Elliott v. State</u>, 824 S.E.2d 265, 272-96 (Ga. 2019). Beyond Joseph Rosenbaum's mention of potential state protections, no party has addressed the applicability of any state constitutional or statutory privileges. Accordingly, the Court offers no opinion on whether privileges other than the federal Fifth Amendment right against self-incrimination may be invoked by either Jennifer or Joseph Rosenbaum. As with any deposition conducted pursuant to the Federal Rules of Civil Procedure, a question must be asked and answered, or objected to with a basis stated on the record. See Fed. R. Civ. P. 30(c).

5

If the parties disagree over an objection, a record has then been created should it be necessary for a Court to later review the propriety of an answer or objection.

SO ORDERED this 20th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA